# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No. 15-7092,   US v. Craig Campbell
              1:02-cr-00221-1

### 1. Jurisdiction (for appellants/petitioners only)
A. Name of court or agency from which review is sought:
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

B. Date(s) of order or orders for which review is sought:
June 19, 2015

### 2. Timeliness of notice of appeal or petition for review (for prisoners only)
Exact date on which notice of appeal or petition for review was placed in institution's internal mailing system for mailing to court:
July 29, 2015

### 3. Issues for Review
Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

**Issue 1.**
Whether the District Court erred in concluding Petitioner is ineligible for a two level reduction pursuant to §3582(c).

**Supporting Facts and Argument.**
See Memorandum in Support

**Issue 2.**

**Supporting Facts and Argument.**

**Issue 3.**

**Supporting Facts and Argument.**

**Issue 4.**

**Supporting Facts and Argument**

4. **Relief Requested**
Identify the precise action you want the Court of Appeals to take:

5. **Prior appeals (for appellants/petitioners only)**

A. Have you filed other cases in this Court? Yes [X] No [ ]
   Unavailable at this time.

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

Unavailable at this time.

_____
Signature
[Notarization Not Required]

Craig Campbell
_____
[Please Print Your Name Here]

### CERTIFICATE OF SERVICE
**********************

I certify that on  7-29-2015   I served a copy of this Informal Brief on all parties, addressed as shown below:

Gary Call and Betty Adkins                John L. File
Office of the United States Attorney      Office of the U.S. Atty
300 Virginia Street East, Charleston, West Va    110 N. Heber St. Rm.261
                           25326-1713     Beckley, West Va.
                                                         25801-0000

_____
Signature

**NO STAPLES, TAPE OR BINDING PLEASE**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA ]
V.                        ]
CRAIG CAMPBELL,           ]
        Defendant        ]         Case No. 15-7092
                          ]                1:02-cr-00221-1
*************************

INFORMAL BRIEF
MEMORANDUM IN SUPPORT

Comes now the Petitioner, Craig Campbell, proceeding pro-se, pursuant to Local Rule 34(b) and files this Informal Brief and Memorandum in Support in appeal of the United States District Court for the Southern District of West Virginia order of June 19, 2015, which denied Petitioner's Motion for Sentence Modification pursuant to 18 U.S.C. §3582(c)(2).

In support thereof, Petitioner states as follows:

Procedural History

On or about October 24, 2015, Petitioner filed a Motion for Modification pursuant to 18 U.S.C. §3582(c)(2). Proceeding pro se, petitioner asserted that he is eligible for a sentence reduction in conjunction with the "minus two" or two level reduction set forth under the United States Sentencing Guidelines ("USSG") Amendment 782.

At sentencing, Petitioner was found responsible for 33, 750 kilograms of marijuana which produced a base offense level of 38. Thereafter, petitioner received enhancements for possession of a firearm (two levels) and management role (four levels). In addition, petitioner received a two level reduction for acceptance of responsibility.

This structure provided an offense level of 42. At that time petitioner had a Criminal History of III which provided for a range of 360 to life.

The statutory maximum for the offense of conviction yielded 240 months in prison. That is the sentence petitioner received.

The District Court appointed the Federal Public Defender to represent petitioner, sua sponte. While the Probation Officer and the United States believed Petitioner was otherwise not eligible for a reduction in sentence, the Federal Public Defender conceeded that such an argument in fact held merit.

Nevertheless, the United States set forth that "even if the Court were to find that the defendant is eligible for a reduction, it should exercise its discretion to refuse to do so because a sentence of 240 months meets the statutory objectives of sentencing and is appropriate under the circumstances...". ( See Response of the United States to COurt's Order Regarding 18 U.S.C. §3582(c)(2) pg. 2)

On June 19, 2015, the District Court denied Petitioner's motion. In so doing, the Court did not exercise discretion to deny based upon the circumstances as espoused by the United States, but rather the Court relied upon the Federal Public Defender's concession that the guideline range applicable had not been lowered. Accordingly, based upon this concession and a review of the materials of record, the issue was determined by the District Court.

## Argument

As an initial matter, Petitioner asserts that the District Court erred in reaching this conclusion. In so doing, the District Court's rational was fallacious.

Petitioner's initial Base Offense Level ("BOL") was calculated at 38 for the drug offense conviction. Thereafter, enhancements were applied for unrelated relevant conduct of possession of a firearm and management. These enhancements do not diretly affect the _drug_ base offense level that is directly associated with 33,750 kilograms of marijuana attributed to Petitioner as converted from source materials.

Accordingly, a Criminal History III would produce a guideline range of 292-365 months. Had such been applied, a two level reduction would afford a guideline sentencing range of 235-293 months. Nevertheless, the enhancement inclusive of relevant conduct would have provided an offense level of 42, with a Criminal History III. Accordingly, Petitioner would have been subject to a Guideline range of 360 months to life.

Neither guideline range was imposed at any time.

-3-

Instead, due to the statutory maximum sentence of 240 months, under United States Sentencing Guidelines ("USSG") §5G1.1(a), petitioner was sentenced accordingly.

Petitioner's counsel however conceeded that Petitioner was not eligible for a reduction in sentence.

The United States, while asserting that Petitioner was not eligible for a sentence reduction, <u>conceeded</u> that the statutory maximum of 240 months, is adopted as the <u>final</u> guideline sentence. ( See Response pg.2, ¶2)

In addition, the United States Probation Officer also indicated that petitioner's guideline range shall be 240 months.

At no time has Petitioner's guideline range been determined to be that other than what the United States has conceeded to, 240 months, as the controlling guideline range. This concession is incumbent upon the District Court as well.

While the Sentencing Table does not provide a specific 240 month guideline range, however under Category III, Petitioner would fit within a range not exceeding 240 months or 188-235 months, by way of example.

Petitioner sets forth that the District Court did not consider the concession of the United States to the guideline range but instead the District Court adopted Petitioner's apointed counsel's concession that he is not eligible for a reduction in sentence.

Here, Petitioner was indicted for various crimes and he entered into a plea agreement. That plea agreement occurred on May 5, 2003. At that time Petitioner entered into a 11(c)(1)(C) agreement. The parties agreed that the statutory maximun was indeed the effective "guideline sentence". (See PSR ¶280-281). It is clear that under the Guideline Provisions and Impact of Plea Agreement, 240 months is the applied guideline range. This is beyond dispute and accordingly, the guideline sentenced was "based on" such. While the calculated BOL 42 Category III may have been reviewed, such was not, at any juncture, applied or enforced here. Instead, both parties acknowledge and agreed that the applicable guideline range imposed could not exceed the statutory maximum and guideline range of 240 months.

For these reasons, Petitioner sets forth that the application of BOL 42, reduced by the 2014 amendments as conceeded by counsel and effectuated by the District Court, are of no moment and has been erroneously applied by the District Court.

Petitioner's counsel indicated that the application of the amendments provided a decrease to a level 36. Further, calculating the enhancements which are unrelated to the drug offense, provides a final level of 40. Since Petitioner's original sentence was not "based on" an application of BOL 42, Criminal History III, there could be no rational application of the reduction as applied in theory by counsel and the district court, in order to derive a "reduced application" to BOL 40, thus remaining

-5-

within a Guideline range of 360 to Life.

This type of application would require a _dual_ sentencing consideration. One would necessarily involve the _actual_ sentence imposed in conjunction with the guideline range _required_ by the statutory penalty. Conversely, the other consideration would involve the _hypothetical_ of that which _would_ have been applicable, absent the statutory maximum agreed upon by both parties during the 11(C) plea agreement and the requisite statutory application.

The term of imprisonment imposed by a district court pursuant to Rule 11(c) agreement is "based on" the agreement itself, not the judge's calculation of the Guideline sentencing range. To hold otherwise would be to contravene the very purpose of these (C) agreements--to bind the district court and allow the Government and defendant to determine what sentence he shall receive.

Becasue the very purpose of a (C) agreement is to allow the parties to determine the defendant's sentence, (by way of example, when the United States moves for a below statutory mandatory minimum reduction when cooperation is provided-but not in this case as applied to Petitioner) when the agreement itself employs a particular Guideline sentencing range applicable to the charged offense in establishing the term of imprisonment imposed by the district court, the defendant is eligible to have his sentence reduced under §3582(c)(2)

-6-

The District Court did have the discretion to reduce Petitioner's sentence. As the Public Defender indentified that the applicable 2014 amendments applied to Petitioner, would be permissible. The Public Defender however misidentified the correct BOL based upon the statutory maximum of 240 months. Instead, the Public Defender made its calculation based upon a inception point of BOL 42, Criminal History III. This application is erroneous as such ws never effectuated at any but instead would have been applicable, absent the statutory maximum.

In order to utilize 18 U.S.C. 3582(c)(2), the defendant must have been "sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o)".

The Court may reduce the term of imprisoment thereafter.

In the instant case, the sentencing range has been lowered as described herein supra.

The District Court elected not to deny petitioner's motion in order to achieve statutory objectives and under circumstances espoused by the United States. To this extent, the United States provided no viable explanation for such, however the United States was constrained to admit that petitioner may have been eligible for a reduction. Otherwise, such rethoric would be wholly unnecessary.

For these reasons, inter alia, Petitioner asserts that the District Court erred in denying his Motion for Sentence Modification.



JPA GUAMPUS...
FEDERAL PRISON CAMP
PO Box 699
Estill, SC 29418

⇔ 03937-088 ⇔
Clerk Us Court Appeals
1100 E MAIN ST
Suite 501
Richmond, VA 23219
United States

LEGAL
— AIR MAIL —